Nott, J.,
delivered the opinion of the court:
The material facts of this case are not disputed, and the only question of law is whether a distiller, who has made a deposit with a collector of internal revenue to procure a meter, pursuant to the express requirements of the Treasury “ regulations for supplying distilleries with meters,” can recover back money when the Government fails to furnish him with the meter. We are of the opinion that the regulations were authorized by the Act 2d March, 1867, (14 Stat. L;, § 15, p. 481,) and that money deposited with the collector in pursuance of those regulations was money advanced to the Government, for which it is bound to account. The misappropriation of the fund deposited by the collector is like the misappropriation of any other funds committed to his official custody, and the party who paid or deposited it with him in pursuance of law is not chargeable with his official negligence or malfeasance. The Government chose to assume the responsibility of receiving these deposits, instead of allowing distillers to deal directly with the manufacturers of the meters. The collector was the agent of the Government, which had a discretion in selecting him, and was not the agent of the distiller, who was compelled against his wishes to deal with him. The loss, therefore, must fall upon the principal of this agent, which is the Government.
The judgment of the court is that the claimant recover the sum of $1,500.